**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-264-JBC

DEVIN ROBERSON                                                      PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, WARDEN                                    RESPONDENT

* * * * * * * *

This matter is ripe for decision on Devin Roberson's petition for writ of habeas

corpus, pursuant to 28 U.S.C. § 2241.

BACKGROUND

On August 16, 2006, Devin Roberson, who is in the custody of the Federal Bureau

of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky, filed the instant

petition, *pro se,* asserting that the BOP is not giving him all of the credits for time served

to which he is entitled.  On September 7, 2006, the court granted his motion to proceed *in*

*forma pauperis* and summarized his specific allegations as follows:

> On April 19, 1996, Roberson was sentenced to 3 to 9 years for
> Burglary II in the Superior Court for the District of Columbia, Case Number
> F-8699-95H.  While serving the sentence, on May 3, 2001, he escaped.
> More than two years later, he was caught and on June 4, 2003, entered
> custody again, continuing to serve the Burglary sentence.  On July 9, 2003,
> he was paroled from the Burglary sentence with 1220 days remaining.
>
> The petitioner remained in custody on July 9, 2003, however, on the
> escape charge brought in *United States v. Roberson*, D.C. Superior Court
> Case Number F-3249-03.  On October 7, 2003, he was sentenced for that
> offense, a sentence consisting of "a split term of imprisonment of three
> years, execution of sentence suspended as to all but 18 months to serve,
> with two years of Supervised Probation."  On October 29, 2004, Petitioner
> Roberson was released, having served the 18-month term of imprisonment

and beginning the probation period in F-3249-03.

Roberson remained free until August 12, 2005, when a parole violation warrant from the F-8699-95H case was executed. On October 7, 2005, the United States Parole Commission ("USPC") issued a notice of action stating: "Revoke Parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole on August 10, 2006, after service of 12 months." The BOP computation for this sentence alone begins on the date of the execution of the warrant, August 12, 2005, and it ends with a projected release date of August 10, 2006.

On November 1, 2005,[1] while the petitioner was serving the parole violation sentence, he pleaded guilty to violating the probation imposed in the F-3249-03 case for his May 2001 escape. He attaches a copy of that November 1st judgment of conviction. Under the heading "Sentence of the Court," the following is typed: "Probation Revoked. Count B [escape] (2) two years. Credit time served." Another attached court document from this case is an order dated June 26, 2006, in which the court granted the petitioner's *pro se* "Motion Requesting Credit for Time Served." The petitioner does not provide a copy of his motion, but he does allege that he is not getting the "credit for served time," which the court has twice ordered.

According to the petitioner's computation, he should receive credit for time served toward the *parole* violation sentence which he was serving at the time that the *probation* violation sentence was handed down, and he should also receive the same credits toward the probation violation sentence since the court in a the latter sentence and later order in that case directed, "Credit time served." This would make his presumptive parole date August 10, 2006.

As revealed in the administrative documents, t]he BOP's position is that the sentences for the parole and probation violations cannot be aggregated or served concurrently, but must be served consecutively. Therefore, under the BOP's version, on the August 10th date, the petitioner would be entitled to release only from the parole violation sentence and must then begin service of the remaining portion of the escape/probation violation sentence. This makes January 14, 2007, his projected release date.

Record No. 7. It appearing that Roberson had exhausted the issue of his sentence

---

[1] The court noted here that the date of November 1, 2005, appears in some parts of the instant petition, but in other places the date is November 3, 2005. However, the court has attached no relevance to this inconsistency.

calculation administratively with the BOP, the court ordered the warden to file a response to the petition.

While the time was running for Dewalt to file a response, the petitioner filed a motion to amend his petition to add the argument that under D.C. Code § 23-112 and BOP policy statement 5880.30, "discretion is placed on the sentencing judge." He attaches to this new pleading the same 3 xeroxed pages which he attached to his original petition. This motion to amend has not been opposed, and it will be granted, although, in actuality, it adds nothing new to his side of the issues.

<u>RESPONSE</u>

In his response [Record No. 13], supported by the declarations of two BOP officials and their attached exhibits, the warden gives a different accounting of the petitioner's sentences and supplies additional information, such as two *nunc pro tunc* designations by the USPC in the petitioner's favor. The respondent also claims that the USPC's calculation is correct because under D.C. law, the petitioner's sentences for the parole and probation violations cannot be aggregated or served concurrently, but must be served consecutively, the respondent citing to D.C. Code § 23-112.

Finally, Respondent Dewalt points out that the petitioner has already been credited with 479 days of jail credit, which include (1) the time period from July 9, 2003, through October 29, 2004, and (2) the "[c]redit for time served," ordered in the Judgment in F-3249-03. Accordingly, he insists that Roberson's current projected release date is, indeed, January 14, 2007, via good-conduct-time release procedures.

<u>DISCUSSION</u>

The USPC assumed the authority to decide parole matters of D.C. Code offenders

3

in 1998, and the governing regulations are now codified in 28 C.F.R.§ 2.80, <u>Guidelines for D.C. Code offenders</u>. There is no doubt that "the D.C. Code and not federal law controls the parole release date of D.C. Code offenders regardless of where the offender is incarcerated." *Stewart v. Keohane*, No. 87-5603, 1988 WL 23706, at *1 (6th Cir. 1988) (unpublished). The end result is that D.C. parole laws and regulations must be applied when courts make parole decisions for prisoners serving D.C. terms in federal prison. *Jackson v. Compton*, 2003 WL 24146652 (W.D. Va. 2003) (slip op).

The D.C. statutory provision on which the BOP relies reads as follows:

> A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

D.C.Code § 23-112. The Court agrees with the respondent that this statute and *Whalen v. United States*, 445 U.S. 684, 690-92 (1980), require the petitioner's punishments to be served consecutively, as the escape and burglary did not spring from the same transaction and each conviction required proof of facts which the other did not.

In contrast, the petitioner does not explain why he believes that this statute does not apply to him. Nor does he affirmatively assert any law upon which he relies for his belief that he is entitled to concurrent sentences or his belief that he is entitled to the application of the same credits for pre-sentencing confinement toward two sentences. This court agrees with the petitioner that the statute permits the sentencing judge to order a sentence which "expressly provides otherwise," *i.e.*, concurrent sentences, but no court sentence imposed on the petitioner has been shown to provide expressly for concurrent sentences.

4

The court concludes that the petitioner's sentence has been calculated in conformity with the relevant statute, Supreme Court case law, BOP program statements, and the parole regulations governing the USPC.  Moreover, to permit the petitioner to serve the sentence imposed for the probation violation simultaneously with that for the parole violation would result in virtually no penalty for the escape.  *See United States v. Galvan*, 453 F.3d 738, 741 (6th Cir. 2006).

As to the 3 xeroxed pages upon which the petitioner obviously relies, they do not change the court's conclusion.  These are actually one page each from what appears to be three separate documents.  The relevance of any of them to this proceeding is unexplained, however.  One page contains a heading, "2.20-03. *Calculating Time in Custody,*" and subheading "*C. Probation Revocation Cases*," under which the following section is highlighted, "Credit any time spent in actual physical custody (federal or state) for any offense considered in assessing offense severity.  If a prisoner is received as a probation violator from a split sentence, also credit the months spent in federal custody prior to being placed on probation."  In the first paragraph under the same section, however, it is explained that time on probation and time in escape status do not count in calculating credits for time served in custody.

Only one of the three pages is clearly identified.  That is page 3 of Chapter IX, of Program Statement 5580.30, which regards "Recommitment of a one count 'split sentence' following revocation of probation."  The petitioner has highlighted most of the page, but it is still unclear how he thinks this assists his cause.  The petitioner had been sentenced for the parole violation in the burglary case and was serving that sentence, with a re-parole date of August 10, 2006, when his probation was revoked in the escape case on November

5

1, 2005.  He was then sentenced to a 2-year term of imprisonment for the escape, a term which must run consecutively, pursuant to D.C. Code § 23-112.  Therefore, credit toward this sentence cannot begin until the end of the first sentence, *i.e.*, on August 10, 2006.  Thus, January 14, 2007, not August 10, 2006, is the correct projected release date.  The court finds no inconsistency in what the program statement directs and what was calculated in this petitioner's case.

The third xeroxed page is similarly unhelpful.  It appears to be from 28 C.F.R. § 2.20 Paroling policy guidelines: Statement of general policy, which merely contains the Salient Factor Scoring Manual.  Again, the court finds no inconsistency between the highlighted portion of the regulation and the result obtained in the calculation of the petitioner's sentences and current release date.

The court concludes that the petitioner has failed to demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  Therefore, his petition will be denied.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)      The petitioner's motion to amend [Record No. 10] is **GRANTED**;

(2)      Devin Roberson's petition for writ of habeas corpus is **DENIED**; and

(3)      this action will be **DISMISSED** from the docket of the court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

6

Signed on November 27, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY